Manuel W. Levine, J.
This is an action brought by plaintiffs to have the Building Zone Ordinance of the Incorporated Village of Rockville Centre declared unconstitutional as it pertains to their property and to restrain the defendant from preventing the use of said property for an apartment house.
The land to which this action is directed lies in the block bounded on the north by Grand Avenue, on the east by Lee Avenue, on the south by Maple Avenue and. on the west by Morris Avenue. It constitutes approximately the northwest quarter of said block. The property is zoned 1 ‘ Residence A District ’ ’, as are the properties to the east and north. The west side of Morris Avenue is zoned “Residence B District” as is the property to the south of the subject premises. Lee Avenue, west of Morris Avenue, is zoned for business.
In a “Residence A District ”, one-family dwelling, church and school, public library and public school are the permitted uses and a two-family house when granted by the Board of Appeals. Two-family dwellings and apartment houses as well as ‘ ‘ Residence A District ’ ’ uses are permitted in a “ Residence B District ’ ’.
The subject premises are developed with one-family dwellings which are occupied. Consequently, it is adaptable to the use for which it is zoned. The property to the east and north is developed with lovely one-family dwellings. There is an apartment house directly across the street on the west side of Morris Avenue. Directly south is a well-kept red brick firehouse and the property to the east, developed with one-family dwellings, is being condemned by the village for municipal purposes (Department of Public Works). On the .south side of Maple Avenue is the village power plant. Maple Avenue to the west is zoned business. On the northwest corner of Maple Avenue and Morris Avenue is an auto repair shop. The southwest corner has a bowling alley.
Plaintiffs’ real estate expert testified that the property as zoned is worth $112,000 whereas if apartments were permitted the value would be $366,000. This was based on $6,000 per unit. In any event there is obviously a .substantial economic loss. The contention of the plaintiffs is that under the circumstances the ordinance is unconstitutional as to their premises.
The court disagrees with the plaintiffs and agrees with the action of the village which, in 1963 in rezoning the village, *872 used the west side of Morris Avenue as the terminus of the ‘ ‘ Residence B District ’ A street is often used as a buffer between zones and is better than having them contiguous. A granting of the relief requested would be an intrusion into a lovely residential area, as evidenced by exhibits Gr, H, I and J, as well as the court’s inspection. As a matter of fact it could readily establish a basis for another extension of the ‘1 Residence B District ’ ’. Further, there was testimony that the sanitary sewer lines were designed in this immediate area for one-family homes and that an apartment house would add 780 units which at peak hours would cause an overload. There is also evidence that the school serving the area is already overcrowded.
It is the opinion of this court that the Building Zone Ordinance of the Incorporated Village of Rockville Centre is constitutional as it pertains to plaintiffs’ property, as it is in the interest of the general welfare of the area. (Stevens v. Town of Huntington, 20 N Y 2d 352.)